UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALVIN DARRELL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00089 (UNA) |
| | ) | |
| J. FUSIMO, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Pet."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction.

Petitioner was convicted and sentenced in the Superior Court of the District of Columbia. Pet. at 2. He alleges that his sentence has been improperly imposed and calculated and demands his immediate release. *See id*. at 2, 6, 8–9, 11, 15–16.

First, though petitioner has filed this matter pursuant to Section 2254, he seems to primarily challenge the execution and computation of his sentence, rather than his underlying convictions or the legality of his sentence, and "[h]abeas corpus under 28 U.S.C. § 2241 is the 'exclusive [federal] avenue available to a District of Columbia prisoner challenging the manner of execution of a sentence, rather than the sentence itself.'" *Herndon v. U.S. Parole Comm'n*, 961 F. Supp. 2d 138, 141 (D.D.C. 2013) (alteration in original) (quoting *Perkins v. Henderson*, 881 F. Supp. 2d 55, 60 (D.D.C. 1995)).

Moreover, a petitioner's "immediate custodian" is the proper respondent in a Section 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). Petitioner has properly sued his immediate custodian, *see* Pet. at 2, however, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Therefore, to the extent that petitioner challenges the execution of his sentence, he must file this matter in the United States District Court for the Central District of California, as he is currently designated to the United States Penitentiary located in Victorville, California.

To the extent that he may be challenging the fundamental legality of his sentence, this court is still want of jurisdiction. Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey*, 151 F.3d at 1042–43; *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack

his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see also Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123–25 (D.D.C. 2011).

While it appears that petitioner may have availed himself to Section 23-110, *see* Pet. at 9, 11, 16, he has not clearly claimed, let alone shown, that his local remedy is or was inadequate to address his grounds for relief. Petitioner's dissatisfaction that he was unsuccessful in pursuing relief pursuant to Section 23-110 cannot render his local collateral remedy inadequate or ineffective. *See Richardson v. United States*, 999 F. Supp. 2d 44, 47–8 (D.D.C. 2013) (citing *Garris*, 794 F.2d at 727) (other citation omitted); *see also Plummer v. Fenty*, 321 F. App'x. 7, 8 (D.C. Cir. 2009) ("The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied."); *Hatch v. Jett*, 847 F. Supp. 2d 88, 92 (D.D.C. 2012) (noting it is "well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective."), *appeal dismissed*, 2013 WL 7154747 (D.C. Cir. Nov. 14, 2013). In other words, his failure to prevail simply "does not pave the way for collateral attack" before this court. *Mackall v. Wilson*, 32 F. Supp. 3d 76, 79 (2014) (citing *Garris*, 794 F.2d at 727); *see Wilson v. Off. of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23–110 are inadequate merely because he was unsuccessful when he invoked them.").

For all of these reasons, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

Date: January 25, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge